{¶ 1} I concur in the majority's analysis and disposition of appellant/cross-appellee Federal Insurance Company's four assignments of error.
 {¶ 2} I further concur in the majority's analysis and disposition of appellees/cross-appellants' first assignment of error. However, I offer the following additional proposition. Where it is determined more than one insurer provides either primary or excess coverage and judgment entered accordingly, if it is later determined judgment as to any one or more insurer(s) was entered in error, such later determination would necessitate vacating the entire judgment and reallocation of the amount of the judgment against any remaining insurer(s) found to provide coverage.
 {¶ 3} I respectfully dissent from the majority's disposition of appellees/cross-appellants' second assignment of error. Although I agree the trial court erred in stating prejudgment interest is neither justified nor required, I believe the trial court did, in fact, award prejudgment interest.
 {¶ 4} In its October 16, 2002 Judgment Entry, the trial court ordered interest from September 19, 2001 (the date of the arbitration award). This constitutes an award of prejudgment interest because judgment was not entered until October 16, 2002. I find no abuse of discretion under Landis in commencing prejudgment interest as of the date of the arbitrators' award.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs are to be split equally between the parties.